in which the plaintiff had potatoes stored, it being claimed by the plaintiff that the trap door was negligently permitted by the defendants to remain open in a dimly-lighted room through which he was invited to pass in reaching the room, on floor, where his own potatoes were stored.

The jury found for the plaintiff. The case comes before this court on a motion for a new trial on the usual grounds. The only grounds urged by the defense in support of their motion are that the plaintiff was not an invitee in passing through the room in which the trap door was located, and that in leaving it open, if he did, the servant of the defendant was not acting within the scope of his employment at the time.

Both grounds involved questions of fact which were submitted to the jury, presumably under proper instructions, as no exceptions are presented here. An examination of the evidence does not disclose that the jury were not warranted in their findings. Motion overruled. *W. B. Peirce and C. W. & H. M. Hayes,* for plaintiff. *Fellows & Fellows,* for defendant.

---

## MAY PALMER *vs.* PHILOMENA ORLANDELLO.

Cumberland County. Decided April 5, 1924. The plaintiff recovered a verdict before a jury for personal injuries received in the Winter of 1922 while crossing a street in the city of Portland, being struck by the defendant's horse which was running away, out of control, having, as the plaintiff alleged, been left in the street insecurely fastened.

The case comes before this court on a motion for a new trial on the usual grounds. The only ground urged by the defendant in support of her motion is that the evidence fails to disclose any affirmative proof of due care by the plaintiff or from which it can be legitimately inferred.

The plaintiff says the snow was piled very high alongside the sidewalks, that she had just stepped off the curbing on to the cross-

walk when she was struck by the horse, that she heard nothing or saw nothing. It appears that both her hearing and sight were considerably impaired.

Other witnesses corroborated her testimony that the snow was piled very high along the sides of the street following a big storm, perhaps six feet, or higher than the average height of man, and one witness corroborated her testimony that she had just stepped off the sidewalk on to the cross-walk when she was struck.

What a reasonably prudent person with her physical defects would have done to assure a safe passage across the street under the circumstances shown to have existed here, and whether the evidence fails to show that she complied with that standard of care; or if in any respect she failed, it contributed in any degree to her injuries, was a question of fact for the jury as this court has frequently held. *Shaw* v. *Bolton*, 122 Maine, 232.

While the case is not entirely free from doubt it is not so clearly wrong as to require this court to interfere. Motion overruled. *Harry E. Nixon*, for plaintiff. *Henry C. Sullivan and Francis W. Sullivan*, for defendant.

## JAMES GRANEY'S CASE.

Cumberland County. Decided April 7, 1924. In 1922, the petitioner having suffered injury through an industrial accident received by approved agreement certain compensation. He also under a commission decree recovered, and received, during a specified period, other compensation for presumed total disability. After such specified period he filed his petition asking further compensation for continuing incapacity.

An appeal from a decree in his favor was sustained by this court. *Graney's Case*, 121 Maine, 500.

For the same accidental injury, the same petitioner now asks the same compensation that was denied him in 1922.

Res adjudicata is pleaded and is decisive of the case. The subject matter, the parties, the cause of action, the issue and even the evidence are in this case the same as in that previously passed upon.